## No. 9758.

### THE PEOPLE v. THE DISTRICT COURT OF THE CITY AND COUNTY OF DENVER.

1. JUDGMENT—*Construed.* An order entered by the Clerk can not nullify the judgment subsequently entered by the court.
2. PROHIBITION—*When the writ lies.* Not when the error complained of may be reviewed upon error.

*Application for Writ of Prohibition.*

MR. W. A. GUNKLE, for petitioner.

MR. H. R. KAUS, MR. HENRY E. MAY, for respondents.

Mr. Justice Teller delivered the opinion of the court.

THE petitioner and the respondent, wife and husband, entered into a separation agreement by which the children of the parties were given to the respondent, with privilege to the petitioner to visit them.

The respondent sent the children, apparently with the consent of the petitioner, to his parents in California, as is stated, for a visit. When they were not brought back at the beginning of the school year, the petitioner filed an application for a writ of *habeas corpus* and the writ was issued. Upon a hearing, the agreement of separation having been established, and the court having heard evidence as to the removal of the children from the court's jurisdiction, the court quashed the writ. The court further ordered that the respondent have the care and custody of the children, with the privilege to the petitioner to see them at reasonable times. Thereupon the petitioner moved to modify the order by striking out the provision as to the custody of the children, which motion was denied. The petitioner in the meantime visited California, got the children and brought them to this state. They were not produced in court.

The record contains an entry of an order under date of January 3, 1920, dismissing the writ of *habeas corpus* and awarding the custody of the children to the father.

To the part of the order which gave the father custody of the children, counsel excepted upon the ground that such order could not be made unless the children were before the court.

He now raises the further point that inasmuch as that part of the order followed the part quashing the writ of *habeas corpus,* it was made without jurisdiction, the court, as he says, having exhausted its powers.

The record shows further a formal decree under date of January 6, 1920, in which the court makes findings, quashes the writ and awards the custody of the children to the father.

It is evident that the orders of January 3rd were made by the clerk, without regard to the fact that a formal judgment and decree might thereafter be entered. It cannot be that the entry by the clerk of one part of an order before another could nullify the part placed last. Looking to the judgment of January 6th, we must consider the entire judgment as a single act of the court. The parties had litigated the question of the custody of the children, and the only objection made to the order at the time, was that the children were not before the court. Inasmuch as the petitioner had, on the day the order was entered, taken possession of the children and subsequently refused to obey the order to bring them into court, it is clear that we cannot entertain this objection.

The error in the court's ruling, if any, can be reviewed in this court on error, and there is no reason why the writ of prohibition should issue. The application for the writ is therefore denied, and the rule to show cause discharged.

*Writ denied and rule to show cause discharged.*

*En banc.*

Mr. Justice Allen and Mr. Justice Burke not participating.